UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT E. PAPENHAUSEN,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF CALIFORNIA CORRECTIONAL CENTER,<br><br>　　　　　　Respondent. | No. 2:14-cv-1904 JAM CKD P<br><br><br>ORDER |

　　　　Petitioner has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2012 conviction in the Plumas County Superior Court for sale and possession of methamphetamine, for which he was sentenced to a prison term of nine-and-a-half years. (ECF No. 1 at 2.) Respondent has filed an answer (ECF No. 14), and petitioner has filed a traverse (ECF No. 28).

　　　　On June 22, 2015, petitioner notified this court that he was no longer in respondent's custody, but "had filed a Prop 47 petition to the convicting court and the charges that were holding Petitioner in state prison were dropped and made Petitioner AB109 eligible." (ECF No. 30.) Petitioner is now in the custody of the Plumas County Sheriff's Department. (Id.)

1

1    Pursuant to 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  The "in custody" requirement is jurisdiction for a federal habeas court.  Baily v. Hill, 599 F.3d 976, 978 (9th Cir. 2010).  The "in custody" requirement of federal habeas law has two aspects.  First, the petitioner must be "under the conviction or sentence under attack at the time his petition is filed."  Baily, 599 F.3d at 978–979, quoting Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005).  Second, section 2254(a) "explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody."  Baily, 599 F.3d at 980.

On the record before the court, it is not clear whether petitioner is currently "in custody" for the challenged 2012 conviction, or whether his current jail term is pursuant to a different conviction or charged offense.

Accordingly, IT IS HEREBY ORDERED THAT within thirty days, petitioner shall inform the court whether he is currently "in custody" for the 2012 conviction challenged in his habeas petition.  If possible, petitioner shall attach copies of relevant superior court documents.

Dated:  April 21, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / pape1904.custody